# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NICOLE MEJIA LLC,

      Plaintiff,

vs.

LUTHER FREEMAN JR, individually,
30 DAY TRANSFORMATION TEAM LLC,
a Florida limited liability company.

      Defendants.
_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Nicole Mejia LLC ("Mejia") hereby sues Defendants, Luther Freeman Jr ("Freeman") and 30 Day Transformation Team LLC ("30 Day Transformation") (collectively "Defendants") for trademark infringement, and alleges as follows:

## THE PARTIES

1. Mejia is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida.

2. 30 Day Transformation is a Florida limited liability company with its principal place of business in Orlando, Florida.

3. Freeman is a managing-member, officer, and/or agent of 30 Day Transformation. Freeman is also a fitness trainer and trains his various clients – including various sports professionals - in this District.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) because Mejia seeks relief under 15 U.S.C. § 1114(1), including remedies for infringement of a United States trademark owned by Mejia.

5. This Court has personal jurisdiction over the Defendants under § 48.193, Fla. Stat., because, among other things, they engage in substantial and not isolated activity within Florida. In addition, Defendants personally, or through their agents, operate, conduct, engage in, or carry on a business or business venture in this state (and this District), and/or committed a tortious act within this state (and this District).

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(3).

**PLAINTIFF'S FEDERALLY REGISTERED MARK**

7. Mejia is the owner of the federally registered work mark "FIT AND THICK" (Reg. No. 4769634, issued July 7, 2015), shown below:

# FIT AND THICK

The registration certificate is attached as **Exhibit A**.

8. Mejia applied for the FIT AND THICK mark on January 6, 2014.

9. Mejia has for many years spent significant amounts of money advertising and promoting FIT AND THICK in the fitness and health industries, as well as through social media.

10. As a result of this advertising and promotion, the FIT AND THICK mark enjoys valuable goodwill for the fitness and health services bearing the mark. The mark is associated in the minds of the public with their sponsor and source.

## DEFENDANTS' INFRINGEMENT

11. Defendants advertise their fitness services, including personal training, through their website – 30daytransformationteam.com. Defendants likewise employ social media outlets and mainstream media advertisements to reach their target audience.

12. As early as 2015, Defendants launched a fitness program and labeled "FIT THICK" (the "Infringing Mark"). See Exh. "B."

13. Mr. Freeman specifically admitted creating a personal training plan using the Infringing Mark. *Id.*

14. At the same time, Defendants have launched a competition labeled with the Infringing Mark, awarding $2,000 in a cash prize to participants who, using the fitness program, achieve "the best FitThick transformation." *Id.*

15. Like Mejia's fitness regimen, Defendants fitness services advertised under the Infringing Mark target women.

16. In advertising their personal training and fitness services, Defendants have employed the Infringing Marks in social media hashtags #FitThick, #FitThickTransformationPlan, among other. *See* Exh. "C."

17. Defendants are not now and have not previously been engaged in a business venture with Mejia.

18. Mejia has not licensed the Registered Mark to Defendants.

**COUNT I – TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)]**
**(Against 30 Day Transformation)**

19. Mejia repeats and realleges each and all of the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

20. At all relevant times to this action, the FIT AND THICK mark has remained valid and enforceable.

21. 30 Day Transformation has unlawfully used, is now using and, unless enjoined, will continue to use "FIT THICK" (the "Infringing Mark").

22. 30 Day Transformation's use of the Infringing Mark is prevalent in various forums, including 30 Day's own website (http://www.30daytransformationteam.com), Facebook, and Instagram, through the use of the hashtag #FitThick, as well as through the use of the Infringing Mark in its "Fit Thick" fitness transformation competition.

23. 30 Day Transformation is unlawfully using the Infringing Mark in connection with its fitness and health services, as well as through social media, and is without permission or authority from Mejia to use the Infringing Mark or the Registered Mark.

24. The use of the Infringing Mark is likely to cause consumer confusion, mistake or deceive consumers as to the source of the services bearing the FIT AND THICK mark and/or to result in the mistaken belief that 30 Day Transformation and/or the Infringing Mark are somehow legitimately affiliated, connected, or associated with Mejia and the Registered Mark.

25. The 30 Day Transformation acts described above constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

26. By reason of 30 Day Transformation's infringing acts, Mejia has suffered, and will continue to suffer, damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

27. Unless and until enjoined by this Court, 30 Day Transformation will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Mejia.

### COUNT II – TRADEMARK INFRINGEMENT [15 U.S.C. § 1114(1)]
(**Against Freeman**)

28. Mejia repeats and realleges each and all of the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

29. At all relevant times to this action, the FIT AND THICK mark has remained valid and enforceable.

30. Freeman has unlawfully used, is now using and, unless enjoined, will continue to use "FIT THICK" (the "Infringing Mark").

31. Freeman's use of the Infringing Mark is prevalent in various forums, including 30 Day Transformation's website (http://www.30daytransformationteam.com), Facebook, and Instagram, through the use of the hashtag #FitThick, as well as through the use of the Infringing Mark in the "Fit Thick" fitness transformation competition.

32. Freeman is unlawfully using the Infringing Mark in connection with his fitness, nutritional and health services, and is without permission or authority from Mejia to use the Infringing Mark or the Registered Mark.

33. The use of the Infringing Mark is likely to cause consumer confusion, mistake or deceive consumers as to the source of the services bearing the FIT AND THICK mark and/or to result in the mistaken belief that Freeman and/or the Infringing Mark are somehow legitimately affiliated, connected, or associated with Mejia and the Registered Mark.

34. Freeman's acts described above constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

35. By reason of Freeman's infringing acts, Mejia has suffered, and will continue to suffer, damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits.

36. Unless and until enjoined by this Court, Freeman will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Mejia.

## COUNT III – VIOLATION OF
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### [Fla. Stat. § 501.201, et. seq.]
**(Against All Defendants)**

37. Mejia re-alleges and incorporates the allegations in paragraphs 1 through 28 above.

38. Defendants' infringement of the FIT AND THICK mark constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat, § 501.201, et. seq.

39. Defendants knew or should have known that its actions were unlawful and would damage Mejia.

40. Mejia has been damaged directly and proximately by Defendants' unlawful actions.

41. Mejia is entitled to recover actual damages, plus reasonable attorneys' fees and costs for Defendants' violation of the Florida Deceptive and Unfair Trade Practices Act.

42. Damage to Mejia will continue to accrue unless or until Defendants' improper conduct is enjoined.

43. Mejia has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Mejia prays for the following relief:

A.      That the Court find Defendants liable for infringement of the FIT AND THICK mark.

B.      Pursuant to 15 U.S.C. § 1117, a recovery of all of Defendants' profits, Mejia's damages, and the costs of this action. The intentional nature of Defendants' unlawful conduct also renders this an "exceptional case," entitling Mejia to enhanced damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

C.      That the Court awards Mejia its taxable costs, expenses, and pre-judgment and post-judgment interest.

D.      That the Court grants such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Mejia demands trial by jury on all issues so triable.

Dated: January 27, 2016                     Respectfully submitted,

        **CAREY RODRIGUEZ**
        **MILIAN GONYA, LLP**

        By: */s/ Ernesto M. Rubi*
        Ernesto M. Rubi, Esq.
        Florida Bar No. 92014
        Primary: erubi@careyrodriguez.com
        Secondary: lmejia@careyrodriguez.com
        David M. Levine, Esq.
        Florida Bar No. 84431
        dlevine@careyrodriguez.com
        1395 Brickell Avenue, Suite 700
        Miami, FL 33131
        Telephone: 305-372-7474
        Facsimile: 305-372-7475
        *Attorneys for Plaintiff*